**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LOVEY MASSEY,**

      **Plaintiff,**

**-vs-**                **Case No. 6:04-cv-1098-Orl-31DAB**

**DENNY'S, INC.,**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration following a settlement conference held by the undersigned at the request of the district court. At the conference, a settlement was reached that includes the total payment of $22,500.00, of which $10,000.00 is for attorney's fees. It is **respectfully recommended** that the Court approve the settlement and dismiss the case.

    In a suit such as this for unpaid wages and overtime, a determination must be made as to whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for

fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* The settlement reached here was achieved with Plaintiff and counsel for both parties present.

Based on the written and oral representations of counsel, Plaintiff was employed by Defendant, and Plaintiff's entitlement to overtime and unpaid wages was disputed by the parties, with Plaintiff claiming that she regularly worked unpaid overtime of 15-20 hours a week, for a total of $45,000.00 (*see* Doc. No. 27). Defendant contended that Plaintiff was paid for all hours reported (Doc. No. 30). At hearing, Plaintiff was contending that she worked overtime but was counseled by a supervisor (who is no longer in Denny's employ) not to submit those hours. The settlement to Plaintiff of $12,500 in unpaid overtime wages is reasonable, given the uncertainties of proof as to the amount of unreported hours worked and the statute of limitations issue.

The parties have agreed that Defendant will pay Plaintiff's attorneys $10,000.00 in attorney's fees and costs. Given the nature and complexity of this case, which has been pending since July 19,

2004, with out of town counsel and an active discovery period, the stipulated attorney's fee of $10,000.00, while higher than the Court usually awards in FLSA cases, is not unreasonable.

Settlement in the amount of $12,500.00 to Plaintiff for unpaid wages and overtime, and $10,000.00 for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 25, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy